# Court of Appeals
# of the State of Georgia

ATLANTA,  September 20, 2023

*The Court of Appeals hereby passes the following order:*

**A23A1723. IN RE OXFORD.**

James Russell Oxford, Jr. appeals from the trial court's order finding him in contempt based upon his conduct in proceedings before that court.  In a motion to this court styled "Appellant's Supplement to Motion for Permission to Amend Supplemental Brief," he asserts that the transcript of those proceedings is inaccurate in ways that pertain to the contempt finding. Oxford argues that the digital recording of those proceedings would correct the transcript because it would reflect aspects of his conduct, such as his tone of voice, not apparent in the written transcript. He states that it is "critical" that we review the digital recording in deciding this appeal.

It does not appear that the digital recording was filed with the trial court so as to make it a part of the trial court's record. See *Undisclosed LLC v. State*, 302 Ga. 418, 428-430 (3) (b) (807 SE2d 393) (2017) (items must be filed with the trial court to become court records under the Appellate Practice Act). So we cannot order the supplementation of the appellate record to include that recording. See, e. g., *Guise v. Leoni*, 366 Ga. App. 659, 622 n. 2 (883 SE2d 892) (2023) (noting that we denied the appellee's request to supplement the record because the item at issue was not made a part of the trial court record).

"Where any party contends that the transcript or record does not truly or fully disclose what transpired in the trial court and the parties are unable to agree thereon, the trial court shall set the matter down for a hearing with notice to both parties and resolve the difference so as to make the record conform to the truth." OCGA § 5-6-41

(f). In connection with this inquiry, a party may "fil[e] a subpoena to obtain [audio] recordings for the purpose of correcting the transcript." *Undisclosed LLC*, 302 Ga. at 432 (4) (a) n. 12.

The record shows that Oxford filed a subpoena to obtain the digital recording of the proceedings that he contends would correct the transcript and later filed a request that the trial court rule on the issue. It appears that the trial court has not ruled on the issue.

Because this is a matter for the trial court to decide in the first instance, see OCGA § 5-6-41 (f), we hereby REMAND this case to the trial court for that court to determine whether to supplement the record with the digital recording so as to make the record conform to the truth. Upon entry of an order on that issue and, if necessary, supplementation of the record, the trial court clerk is DIRECTED to re-transmit Oxford's appeal to this court for re-docketing. Oxford need not file a second notice of appeal.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  09/20/2023*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen                              , Clerk.*